IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : CASE NO: 7:23-cr-64-WLS-TQL |
| DAVID SWANSON, | : |
| | : |
| Defendant. | : |
| _____ | : |

### ORDER

On Thursday, February 22, 2024, a change-of-plea hearing was held in the above-styled action. At the hearing, Defendant David Swanson pled guilty to Count Six of the indictment charging him with Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). A sentencing hearing is currently scheduled for May 23, 2024.

Immediately after the change-of-plea hearing, the Court held an evidentiary hearing on Defendant's Motion for Bond Pending Sentencing and Voluntary Surrender and Sentencing Memorandum (Doc. 24) ("Bond Motion"). Upon consideration of the Defendant's Bond Motion, the Government's Response (Doc. 26) thereto, evidence presented at the hearing, and counsels' arguments on behalf of the Defendant and the Government, the Court denied Defendant's Bond Motion for reasons stated on the record at the February 22, 2024 hearing. To memorialize the Court's ruling from the bench regarding Defendant's detention, the Court hereby issues the following Order.

I.  BACKGROUND

On July 12, 2023, Defendant David Swanson was indicted by a federal grand jury charging him with four counts of Production of Child Pornography in violation of 18 U.S.C. § 2251(a) and (e) and two counts of Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Defendant was arraigned on July 14, 2024, at which time United States Magistrate Judge Thomas Q. Langstaff denied the Government's motion for detention. Defendant was released on an unsecured bond of $30,000 and an Order Setting Conditions of Release (Doc. 12) was entered.

On February 22, 2024, Defendant entered a plea of guilty as to Count Six of the Indictment charging him with Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) and alleging the offense occurred on or about March 3, 2023, and included the visual depictions of prepubescent minors who had not attained 12 years of age, engaging in sexually explicit conduct.

In his Bond Motion, Defendant requests that the Court allow him to remain free on bond pending his sentencing hearing. In support of his motion, Defendant states that his parents are elderly, in poor health and Defendant is their main caretaker. Defendant's father is ninety-one years old and his mother is eighty-five. They are both diabetic and have pace makers. Defendant's father has dementia, is unsteady and recently suffered a broken collar bone when he fell. His mother has chronic back pain and limited range of motion. Defendant states his parents rely on him to do the grocery shopping, cleaning, and cooking. He helps them with their medications and with every day activities.

Defendant provided letters from his family members which he contends demonstrate that his family faces exceptional circumstances given the age of his parents and their special needs.

Defendant states he also has health problems including high blood pressure, foot spurs, irregular heartbeat, migraines, full dentures for his top teeth and most of his bottom teeth, and he wears hearing aids.

Finally, Defendant states he has complied with all conditions of his pretrial release thus far. In its Response, the Government states that it has confirmed with the United States Probation Office that Defendant has been fully compliant with the conditions of his pretrial release. (Doc. 26 at 3.)

The Government states that detention is mandatory for a defendant in Defendant's position. (Doc. 26 at 2.) However, the Government notes that under § 3145(c), Defendant "may be released pending sentencing if the findings of section 3143(a)(1) on flight and danger are met and there are "exceptional reasons" why the defendant should be released." (Doc. 26 at 2.) The Government "defers to the Court on the issue of whether the Defendant has met his burden to remain on bond pending sentencing." (Doc. 26 at 3.)

At the February 22, 2024 hearing, the Defendant presented his sister, Judith L. Holler, as his sole witness. Ms. Holler essentially confirmed the statements in Defendant's Bond Motion as to Defendant living with their elderly parents. She confirmed that her parents have health problems and that Defendant has been the primary caregiver of their parents for about the past eight months while he has been released on bond pending trial. No evidence was provided on whether his parents required assistance prior to that time, or, if necessary, who provided such assistance.

Ms. Holler does not live with Defendant and her parents, but lives about twenty miles away. She stated that Defendant has cooperated with the Probation Office while he has been released on bond and that Defendant wears an ankle monitor. Ms. Holler stated that the family has not made an alternate plan to replace Defendant as caretaker of his parents. Finally, Ms. Holler stated that she does not believe Defendant is a flight risk. Nor is he a danger to the community if allowed to stay on bond pending sentencing.

Defendant urged the Court to find that he met his burden of establishing exceptional circumstances.

Although the Government had not stated its position in its Response,[1] it did so at the hearing. Government's counsel notified the Court that the Government is not recommending that no sentence of imprisonment be imposed on the Defendant. The Government further asserted that Defendant has not shown by clear and convincing evidence that he is not a flight risk. Nor had Defendant established "exceptional reasons" why he should not be detained.

## II.   LAW

As relevant here, 18 U.S.C. § 3143(a)(2) provides that the Court "shall" order that a person who has been found guilty of a crime of violence for which a maximum term of

---

[1] The Government's written Response (Doc. 26) failed to state its position on several key issues that are relevant to Defendant's Bond Motion; *i.e.,* whether Defendant is a flight risk or whether he poses a danger to the community if released. Most significantly, the Government failed to state whether the Government would recommend that no sentence of imprisonment be imposed on Defendant, thereby bringing into play the analysis of whether "exceptional reasons" exist that would make Defendant's continued detention inappropriate.

3

imprisonment of 10 years or more is prescribed[2] and who is awaiting imposition or execution of sentence be detained, unless:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). If a defendant meets the above requirements, the analysis is completed and defendant may be released pending sentencing. However, if the defendant is unable to meet the requirements of § 3143(a)(2), then § 3145(c) provides one last exception to mandatory detention. *United States v. Lopez*, 184 F. Supp. 3d 1139, 1143 (D.N.M. 2016) (if defendant cannot meet requirements of § 3143, "the only way to remain out of custody pending sentencing is by showing that there are 'exceptional reasons why detention would not be appropriate,' and by showing by clear-and-convincing evidence that he or she is not a flight risk or a danger to the community." (quoting 18 U.S.C. § 3145(c)). Section 3145(c) provides, in relevant part:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

---

[2] Possession of Child Pornography is a crime of violence, which in Defendant's circumstances, carries a maximum term of imprisonment of 20 years. 18 U.S.C.A. § 3143(a)(2) requires detention of persons pleading guilty to, or found guilty of, multiple other offenses which are not applicable in this case. The lead-in sentence to § 3143(a)(2) states:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in *subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142* and is awaiting imposition or execution of sentence be detained unless—

(emphasis added). Subsections (f)(1)(A), (B), and (C) of § 3142 involve: (A) (i) crimes of violence, (ii) violations of 18 U.S.C. § 1591 involving sex trafficking of children or sex trafficking by force, fraud, or coercion, or (iii) violations of 18 U.S.C. § 2332b involving certain acts of terrorism, for which a maximum term of imprisonment of 10 years is prescribed; "(B) an offense for which the maximum sentence is life imprisonment or death;" or "(C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. [§] 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. [§] 951 et seq.), or chapter 705 of title 46." *See* 18 U.S.C. § 3142(f)(1), (A)-(C).

18 U.S.C. § 3145(c). The requirement under § 3145(c) for defendant to show by clear and convincing evidence that he is not a flight risk or danger to the community comes from the reference to § 3143(a)(1) requiring that certain persons be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1).[3]

The Eleventh Circuit has clarified that "a district court has the authority to release a defendant being detained pursuant to § 3143(a)(2) upon a showing of 'exceptional reasons' under § 3145(c)." *United States v. Meister*, 744 F.3d 1236, 1239 (11th Cir. 2013). Defendant bears the burden of proof to show by clear and convincing evidence the exceptional reasons for his release pending sentencing. *United States v. Webb*, No. 7:19-CR-45 (WLS), 2020 WL 2563285, at *2 (M.D. Ga. May 6, 2020) (finding that defendant has met his burden under 18 U.S.C. § 3145(c) of showing exceptional reasons).

Neither § 3145(c) nor § 3143 define "exceptional reasons." Instead the courts look to case law. "[E]xceptional circumstances exist where there is a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. Lea*, 360 F.3d 401, 403 (2nd Cir. 2004); *see also United States v. Hung Thien Ly*, No. CR407-286, 2010 WL 11526842, at *2 (S.D. Ga. June 16, 2010). In carving out what are "exceptional reasons" or "exceptional circumstances," courts often analyze what reasons or circumstances are not exceptional, including drawing "on its own experience [in] sentencing criminal defendants in defining what is exceptional." *Lopez*, 184 F. Supp. 3d at 1144-45.

"Numerous courts nationwide have considered what might constitute 'exceptional reasons' under § 3145(c), and while the resulting decisions reflect a range of conclusions, more often than not, financial hardship, illness and disruption of familial relations were not found to be exceptional reasons to justify release." *United States v. Harrison*, No. 6:05-CR-17 (HL), 2006 WL 8444002, at *4 (M.D. Ga. Sept. 1, 2006). "[C]ourts have generally held that purely personal situations typical of any criminal defendant facing imprisonment are not exceptional reasons." *United States v. Watkins*, 2012 WL 1599836, at *2 (M.D. Fla. May 7,

---

[3] Section 3143(b)(1) pertains to appeals and is, therefore, not applicable to this case.

2012).[4] "[P]ersonal and familial hardship and disruption to an individual's educational or professional affairs are the natural, if unfortunate, consequences of finding oneself at the mercy of the criminal justice system." *United States v. Christman*, 712 F. Supp. 2d 651, 656 (E.D. Ky. 2010). "[T]o be exceptional for family reasons, detention must impose an unusually harsh effect of a personal nature not ordinarily experienced by an individual facing incarceration, combined with other factors that make the situation truly unusual." L*opez*, 184 F. Supp. 3d at 1150 (internal quotation marks omitted) (citations omitted). *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at *1-2 (E.D. Tex. Nov. 22, 1995) (defendant's need to assist his sick mother and to continue working so as to contribute to her household expenses not exceptional reasons). *United States v. Burnett*, 76 F. Supp. 2d 846, 849 (E.D. Tenn. 1999) (finding defendant has not shown exceptional circumstances for release pending sentencing because defendant is the primary care provider for seventy-seven year old mother and fifty-three year old brother, both of whom have a number of health problems and require assistance, and defendant's incarceration would create an extreme hardship upon her mother and brother).

## III. DISCUSSION

Defendant pled guilty to Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), which constitutes a crime of violence. *See* 18 U.S.C. § 3156(a)(4)(C) (the term 'crime of violence' includes any felony under chapter 110 of title 18, which includes violations of 18 U.S.C. § 2252(a)(4)(B)). Under § 2252(b)(2), because Defendant's offense

---

[4] Defendant relies heavily on *Watkins*, 2012 WL 1599836 as support for his Bond Motion. The defendant in *Watkins* was convicted of receipt of child pornography, had been released on bond pending trial, had mostly complied with the conditions of pretrial release, was unlikely to flee and not a danger to the community. *Id.* at *1. In addition, the defendant Watkins was a 67 year old veteran living with his 66 year old wife who had serious health issues. Watkins had no prior criminal history and was on home confinement. *Id.* at *4. That is where the similarities to Defendant's case ends.

Watkins was permitted to remain free on bond pending his appeal. He had been tested by a psychologist who opined that Watkins did not have a significant sexual interest in children or preteens, showed no signs of deviant sexual interest, and no other high-risk indicators were presented. *Id.* Most significantly, *Watkins* involved a situation where a convicted defendant appealed his conviction. The court found that the issue presented on appeal—a question of the scope of defendant's and his wife's consent to search defendant's computer—was a close call that could very well be decided the other way on appeal. *Id.* at 2. The *Watkins* court noted that if bond pending appeal was not granted, Watkins could serve a substantial portion of his 60-month sentence prior to receiving an appellate ruling. *Id.* This is precisely the situation where § 3145(c) is applicable.

6

involved a prepubescent minor or a minor who had not attained twelve years of age, Defendant's crime carries a maximum term of imprisonment of twenty years.

Under § 3143(a)(2) the Court is required to order that Defendant be taken into custody and detained immediately, unless the Court finds: either (A)(i) that there is a substantial likelihood that a motion for acquittal or new trial will be granted; *or* (A)(ii) the Government has recommended that Defendant not be imprisoned *and* (B) by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the community.

Defendant conceded at the hearing that he cannot meet the requirements of (A)(i) because he voluntarily pled guilty to possession of child pornography. Nor can Defendant meet (A)(ii). As noted above, at the hearing, the Government advised the Court that it would in fact be seeking a term of imprisonment at the sentencing hearing and is not recommending that Defendant not serve a term of imprisonment. Defendant is unable to meet the requirements of either subsection (i) or (ii) of § 3143(a)(2)(A), and cannot be released pending sentencing under § 3143(a)(2).[5]

Defendant contends that he can remain free on bond pending sentencing pursuant to § 3145(c). To do so, he must show that there are 'exceptional reasons why detention would not be appropriate,' and he must show by clear-and-convincing evidence that he is not a flight risk or a danger to the community. *See* § 1345(c); *Lopez*, 184 F. Supp. 3d 1139.

"Exceptional reasons" are unique, unusual, or out of the ordinary. In making its determination as to whether Defendant's situation is exceptional, the Court considered the available case law and also considered its own experience in sentencing defendants. *See Lopez*, 184 F. Supp. 3d at 1144-45 (court has substantial experience in sentencing defendants and it is appropriate to draw on that experience in considering whether circumstances are exceptional). As an initial matter, at the hearing, the Government contended that Defendant had not met his burden. "Exceptional reasons" are not the day-to-day problems experienced by a defendant or his family where a defendant is found guilty of (or has pled guilty to) committing a serious crime of violence and is subject to having a lengthy prison sentence imposed. While the Court does not take lightly the hardship on Defendant's family,

---

[5] The Court does not need to consider whether Defendant can meet the requirements of § 3143(a)(2)(B) because, as the statute reflects, he must first meet either (A)(i) *or* (ii) *and* (B).

7

unfortunately, such hardships resulting from a defendant's imprisonment are the natural consequences of a defendant's criminal actions. *Christman*, 712 F. Supp. 2d at 656. To find otherwise, would result in the exception becoming the rule. That was not Congress' intention in allowing the exception provided in § 1345(c). Although Defendant did not have an alternate plan in place at the February 22, 2024 hearing, there are family members apparently available to take his place, or possibly put back in place the plan, if any, that was in effect prior to Defendant accepting responsibility for his parents' care for approximately the past eight months.

While the Court finds Defendant has been compliant with the conditions of his pretrial release and applauds him for assisting his parents, the hardships Defendant describes are not exceptional. Rather, they are everyday facts of life. As parents age, they experience health issues and family members assist in their care. The Court finds that the Defendant has not established "exceptional reasons" to remain free on bond. As such, the Court need not consider whether Defendant has established by clear and convincing evidence that he is not a flight risk or a danger to another person or the community.

### IV. CONCLUSION

Accordingly, Defendant's Motion for Bond Pending Sentencing and Voluntary Surrender and Sentencing Memorandum (Doc. 24) is **DENIED**. At the conclusion of the hearing, Defendant was immediately remanded to the custody of the United States Marshal for the Middle District of Georgia.

**SO ORDERED**, this 28th day of February 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**